VERNON W. WATERMAN, *Guardian, v.* ALMIRA K. WRIGHT, *Appellant.*

*Probate Court. Jurisdiction. Guardian. Commissioners. Judgment.*

A guardian bond, together with a receipt executed by the guardian, for the property of the ward, do not constitute such a claim as may be presented to the probate court on the death of the guardian, *on the ground of its being a contingent claim,* within the meaning of the statute, (Gen. Stat. p. 406, sec. 45,) which provides that contingent claims may be presented to that court.

But the probate court has jurisdiction upon different grounds, in the settlement of the account of a deceased guardian; and the fact that the claim was presented as a contingent claim, or that the court adjudged it to be of

that character, could have no effect to prevent their proceeding to do what they would otherwise have a perfect right to do in the premises.

The proper and legitimate mode of procedure in the settlement of the account of a deceased guardian in the probate court is to cite in the representative of the deceased guardian to attend to the adjustment of that account.

In such a case it is no reason for not citing in the representative of the deceased guardian, that he had no means of rendering an account or aiding in the settlement, owing to the neglect of the guardian to keep any account of his doings in the matter.

Commissioners have not the necessary powers to dispose properly of the various questions that may naturally arise in the adjudication of a deceased guardian's account.

*Semble,* that a judgment rendered against the estate of a deceased guardian upon his guardian bond by the county court and certified to the probate court, is absolutely conclusive upon all parties, and should not then be taken before the commissioners to be allowed by them.

THIS was an appeal from the decision of the probate court of the district of Hartford, upon a claim presented to that court, consisting of a guardian bond given to said court by one John Wright, and executed by him upon his appointment as guardian of Enoch Hovey, an insane person, and a receipt also executed by said Wright, acknowledging the receipt of the ward's property. The claim was presented by Vernon W. Waterman, who was appointed guardian of said Hovey upon the death of said Wright in September, 1860. The plaintiff claimed that the said Wright had never in any manner accounted for the property, or complied with the conditions of the said bond; and presented said bond as a contingent claim, under the provision of the 52nd ch. of the Comp. Stat. against the estate of the said Wright, and made application to cite in Almira K. Wright, the legal representative of the estate of said John Wright, to render an account of the guardianship of said John Wright, &c.

The said Almira, being so cited in, appeared before said court in obedience to the citation, and objected to the jurisdiction of the court on the ground that the claim was not a contingent one within the meaning of the statute, but was one that ought to be

Waterman, Guardian, *v.* Wright.

presented to the commissioners on the estate of the deceased to be adjusted by them.

The court adjudged that it was a contingent claim, and that it had jurisdiction of the matter, and proceeded to adjust the account, &c. ' Appeal by the defendant. Upon the case being entered in the county court the defendant renewed her motion to dismiss, and the court, December Term, 1862, BARRETT, J., presiding, *pro forma* sustained the motion, and dismissed the case,—to which the plaintiff excepted,

The facts are stated more in detail in the opinion.

. *Washburn & Marsh,* for the plaintiff, cited upon the point that in all cases where a guardian might, if living, have been required to render an account to the probate court, his legal representative on his decease, should render it, and may be cited in for that purpose ; Comp. Stat. p. 322, sec. 10, p. 323, sec. 21, p. 325, sec. 38, p. 409, sec. 19, p. 410, sec. 24, p. 361, sec. 10, p. 415, sec. 49, p. 416, sec. 55, p. 417, sec. 56 ; *Aldrich* v. *Williams et al.,* 13 Vt. 373 ; *Probate Court* v. *Slason et al.,* 23 Vt. 306 ; *Probate Court* v. *Chapin et al.,* 31 Vt. 376 ; *Brooks* v. *Brooks,* 11 Cush. 20 ; *Bailey* v. *Rogers et al.,* 1 Maine 186 ; *Gregg* v. *Gregg,* 15 N. H. 190 ; *Kittridge, Adm'r,* v. *Button,* 14 N. H. 401.

*Converse & French* and *A. Tracy,* for the defendant,—insisted that none of the proceedings in this case were warranted by the statutes of this state ; and that this was not a contingent claim within the meaning of the statute, (Comp. Stat. p. 357, secs. 43–4–5.)

The contingency contemplated by the statute is uncertainty as to whether the party has any claim, and this to be determined upon the happening of some event ; such as the liability of a surety when he has not, and may never pay the debt of his principal. This has been repeatedly held by the courts under analogous provisions of the statute on trustee process. (C. S. p. 256, sec. 7 ;) *Downer* v. *Topliff & Tr.,* 19 Vt. 399 ; *Downer* v. *Curtis & Tr.,* 25 Vt. 650 ; *Thorndike* v. *De Wolf & Tr.,* 6 Pick.

Waterman, Guardian, *v.* Wright.

122 ; *Dwinell* v. *Stone & Tr.*, 30 Maine 384 ; *Williams* v. *A. & K. R. R. Co.*, 36 *ib.* 201. Mrs. Wright as administratrix, does not represent John Wright as guardian, and has no means of rendering an account of John Wright's guardianship, and the citation and order of the probate court requiring her to do so, is not warranted by law and is void. *Pepper* v. *Stone*, 10 Vt. 427.

PIERPOINT, J. This case comes into this court upon exceptions to the decision of the county court, dismissing the suit for want of appellate jurisdiction.

The principal ground upon which it is claimed that the decision should be sustained, and the suit dismissed, is that, the claim which the probate court took jurisdiction of, and proceeded to adjudicate, was not a contingent claim, within the meaning of the statute which allows contingent claims to be presented to the probate court, and directs the mode of procedure thereon when so presented.

It appears from the case that the defendant, Almira W. Wright, was administratrix on the estate of her late husband, John Wright ; that in 1836 the said John Wright, was appointed the guardian of Enoch Hovey, an insane person, and executed a bond to the probate court for the district of Hartford, to secure the faithful performance of his duties as such guardian, as required by law. The said John continued the guardian of said Hovey until the 10th day of September, 1860, when he died, and after the death of said Wright, the plaintiff Vernon W. Waterman, was appointed the guardian of the said Hovey.

The claim that was presented to the probate court which gave rise to this controversy, consisted of the said bond given to said court by said John, and a receipt executed by him, acknowledging the receipt of certain property consisting of notes of hand, against certain individuals, that were owned by the said Hovey ; the plaintiff claiming that the said John had never in any manner accounted for the said property, or complied with the conditions of the said bond.

Upon the presentation of this matter to the probate court, the
defendant as administratrix of said John Wright's estate, was
cited in to render an account of the doings of the said John as
such guardian, and to attend upon the adjustment of the same.
The defendant appeared before said court in obedience to said
citation, and objected to the jurisdiction of the court, on the
ground that the claim was not a contingent one within the mean-
ing of the statute, but was one that ought to be presented to the
commissioners on the estate of the deceased, to be adjusted by
them.   The court upon a hearing adjudged that the claim was a
contingent one, and that they had jurisdiction of the matter, and
proceeded to settle and adjust the account, and determine the
amount that the said John had in his hands at the time of his
death, that belonged to the ward, and ordered that the defendant
as administratrix account to the plaintiff as the then guardian of
said ward, for such amount.

If the jurisdiction of the probate court depended solely on the
question, whether or not the claim made was a contingent one
within the meaning of the statute, we should have very great
difficulty in sustaining it.   The claim seems to be no more con-
tingent than every other claim, that is presented against the
estate of a deceased person, when the liability, or the amount
due is litigated, yet it is very certain that it was not such a kind
of uncertainty that the framers of the statute had reference to as
making a claim contingent.

But we think the jurisdiction of the probate court, in cases of
this kind rests upon entirely different ground, and the fact that
the claim was presented as a contingent claim, or that the court
adjudged it to be of that character, could have no effect to pre-
vent their proceeding to do, what they would otherwise have a
perfect right to do, in the premises.

In this case when the insanity of Hovey was legally established,
and the court had appointed a guardian over him, it then had
jurisdiction to a certain extent over the ward, his property and
his guardian.   It then became the duty of the guardian to return
to the court an inventory of all the property of the ward, that

came into his possession, or to his knowledge, and at the end of a year to render and settle his account as such guardian with the court, and also to settle his account, whenever he should be required so to do by said court, and at the expiration of his guardianship, to settle his account with the court, and pay over and deliver all the estate and effects in his hands, or due from him on such settlement, to such persons as shall be legally entitled to the same.

The power to settle guardians' accounts is vested in the probate court; it has all the authority necessary to protect all the rights, and secure all the interests, of all parties interested, and no other judicial tribunal, unless it be a court of chancery, has the power requisite and necessary to that end. The jurisdiction of the probate court, over the subject is not divested, changed, or limited by the death of the guardian; the account must still be adjusted by that court, but in such case, the proper and legitimate mode of proceedure is, to cite in the representative of the deceased guardian, to attend the adjustment of that account, and that is precisely what was done in this case. The executrix was not cited as guardian, but because being executrix, she is legally presumed to have in her hands all the property belonging to the ward, that the guardian had in his hands at the time of his decease, and all the accounts, papers, and evidences, kept by the guardian showing his dealings with the ward, and his property; and also because she, as executrix, represents all who are interested in the estate of the deceased, which may be made chargeable as the result of the proceeding.

But it is said the defendant should not have been cited in, as from the neglect of the guardian to keep any account of his doings in the matter, she had no means of rendering an account, or of aiding in the settlement. She certainly had all the means that any one could have, and if she had nothing to aid her, she could at least show that fact to the court, and leave it to proceed upon such evidence as could be obtained. If this objection was to prevail to defeat an accounting before the probate court, it would

12

be equally available everywhere else, and the .account could not be adjusted at all.

It is further insisted that matters of this kind, should go before the commissioners on the estate of the deceased guardian, to be adjudicated by them and not by the probate court.

This position we think is not well taken. The commissioners have not the necessary powers to dispose properly of the various questions that may naturally arise in such cases. Suppose the property that went into the· hands of the guardian consisted of personal chattels, or choses in action, and remained in his hands at the time of his death in the same condition in which they were, when he received them, or if changed it were so done as to preserve their identity, as the property of the ward,—these facts being established, what could the commissioners do? They could pass no judgment upon the identity or ownership of the property, or make any order in relation to it, that would be of any avail for any purpose; there would be nothing upon which they could allow any claim against the estate; all that would be necessary to discharge the estate from all claim, would be for the executor or administrator, when the matter was settled in the probate court, to deliver the property over to the new guardian; such property would constitute no part of the assets of the estate but would belong solely to the ward.

Suppose at the same time the guardian, or his estate, has a claim against this property for services rendered necessary, by reason of some unusual difficulty in the discharge of his duties, the commissioners could not act upon such a claim, as it is one the allowance of which, rests wholly in the discretion of the probate court.

These difficulties may not have existed in the present case but that can make no difference with the question of jurisdiction.

We think therefore that the probate court did not exceed its jurisdiction, in proceeding to settle, and adjust, the account of the guardian in the manner it did, after his death.

Whether the account was correctly settled, or the proper order made for its payment, are questions of no importance here, as

all such matters were vacated by the appeal. When the county court shall have settled the account and certified their judgment back to the probate court, it will then remain for that court to make such order in respect to it as the law requires.

It has been strenuously urged in the course of the argument, that after the matter shall have been determined in the county court, and their judgment certified to the probate court, if a judgment shall be rendered against the estate, that judgment must then go before commissioners, to be allowed by them, and the cases cited from New Hampshire under their statutes seem to favor the idea, but we are not at present able to see the necessity for such a course. A judgment has been rendered against *the estate of the deceased*, that judgment is in, and before the probate court; it is absolutely conclusive upon all parties, as much so as the judgment of commissioners. The action of the commissioners upon it, would be the merest form,—they could not alter it. The commissioners had no jurisdiction of the subject matter in the outset, why then send it before them, after it has been determined by a competent tribunal, for affirmance? Such a course would be attended with considerable expense, without any corresponding benefit. It seems to us that the probate court might treat such a judgment, as a claim allowed against the estate to be paid like all other claims, in whole or in part according to the condition of the estate.

This however is a question not now legitimately before us, but as it has been discussed and may hereafter arise in the case, it has been thought best to indicate our present impressions in regard to it.

Judgment reversed and the case remanded to the county court to be there proceeded with.