HENRY O'GORMAN, Judge of Probate, *v.* WILLIAM LINDEKE.

June 24, 1879.

**Action on Probate Bond.**—Action may be brought in the name of the judge of probate upon the bond of an executor, administrator or guardian, where there has been any refusal or omission to perform any order or decree mentioned in Gen. St. c. 55, § 5.

**Same—Where Bond is Joint and Several.**—Where the bond is joint and several, the action may be against only one of the obligors. The order of the probate court that the bond be prosecuted, without saying whether against one or all of the obligors, does not make it imperative to join all.

**Same—Failure of Adm'r to pay money into court.**—An omission to obey an order of the probate court, directing the payment into court of the amount found due upon a final accounting of an administrator, is such a refusal or omission as is mentioned in section 5 above.

Same—Death of Adm'r before final accounting.—Where an executor or administrator dies before a final accounting, it is the duty of his executor or administrator to settle the account of the deceased executor or administrator.

Same—Duty of Representative of deceased Ex'r or Adm'r.—Upon such accounting, an order directing the executor or administrator of the deceased executor or administrator to pay into court the amount found due, is proper. The omission of the executor or administrator to obey such order is a breach of the bond, upon which action may be brought.

Appeal by defendant from an order of the district court for Ramsey county, *Simons, J.,* presiding, overruling a demurrer to the complaint.

*Henry J. Horn,* for appellant.

*Palmer & Bell,* for respondent.

GILFILLAN, C. J. In 1866, Parker Paine was appointed by the probate court of Ramsey county administrator, with the will annexed, *de bonis non* of the estate of Samuel G. P. Craig, and thereupon executed, with N. McLean and this defendant as sureties, the usual joint and several bond running to the then judge of probate of said county. In 1875, Paine was ordered by said probate court to render his final account, and he filed such account in said court. The proper notices having been given, the account was adjusted by the probate court, in December, 1876. Prior to this, Paine had died, and his administrators took part in the proceedings upon said accounting. From the order adjusting the account an appeal was taken to the district court, and on a hearing there a large amount was found due the estate of Craig. Paine's administrators took part in the hearing in the district court. The decree of the district court settling the account was certified to the probate court, and, the amount not having been paid, that court made an order directing the administrators of Paine to bring into the court the amount found due the estate on the accounting. This order was served on them, but they failed to comply with it. After that the probate court, by order, directed suit to be brought on the bond, in the name of the judge of probate, this plaintiff; and this action is brought

on the bond, in his name, claiming to recover the amount so found due on the accounting. These facts, with others not material, are stated in the complaint, and defendant demurred, claiming that the suit cannot be maintained in the name of the judge of probate; that the other obligors or their representatives should be joined as defendants; that the complaint does not state a cause of action.

The first of these propositions is to be determined by the provisions of Gen. St. *c.* 55. Section 1 provides that the bond shall run to the judge of probate, and in case of breach may be prosecuted in the name, and for the use and benefit, of any person interested therein, whenever the judge of probate directs. Sections 2 and 3 authorize an action by a creditor or next of kin in certain cases. Section 4 provides that the judge of probate may authorize any creditor, next of kin, legatee, or other person aggrieved, to sue, when the executor or administrator has failed to perform his duty in any other particulars than those specified in sections 2 and 3. Section 6 relates to the judge of probate granting leave to sue. Section 7 prescribes that the judgment in an action brought by a particular person shall be for the amount of the damages which he shows himself entitled to in consequence of the breach, and that successive actions may be brought for the benefit of persons injured. Those sections, 2, 3, 4, 6 and 7, relate to actions by persons other than the judge of probate.

Section 5 reads: "Whenever an executor, administrator or guardian refuses or omits to perform any order or decree made by a judge of probate having jurisdiction, for rendering an account, or upon a final settlement, or for the payment of debts, legacies or distributive shares, such judge of probate may cause the bond of such executor, administrator or guardian to be prosecuted, and the moneys collected thereon applied in the same manner as such moneys ought to have been applied by such executor, administrator or guardian." Section 8 provides that in an action mentioned in section 5, if judgment is rendered, "execution shall be awarded for the

full value of all the estate of the deceased, or ward, that has come to the hands of such executor, administrator or guardian, and for which he has not satisfactorily accounted." Section 9 provides what disposition shall be made of "all moneys received on any execution issued on a judgment in favor of the judge of probate, as mentioned in the preceding section." These sections, 5, 8 and 9, relate to the same action, and intend one in the name of the judge of probate. If there is shown a refusal or omission to perform any order or decree mentioned in section 5, the action is well brought, so far as the party plaintiff is concerned.

The bond being joint and several, the action is well brought against one, only, of the obligors. The order directing a prosecution of the bond did not make it imperative to join all the obligors, or their representatives. If it did, the omission to join them would not be ground of demurrer.

Had the settlement of the account of Paine been made during his life, and also the order to pay in the amount found due, and he had neglected to obey the order, there would have been a breach of the bond such as is contemplated in section 5. Defendant claims that, unless there was a neglect by Paine himself to obey some order, there was no breach. If this were so, there would be no way of holding the sureties for any balance due the estate from the administrator, where he dies before an accounting. Paine having died without settling his account, it was the duty of his administrators to settle it, as they did. *Chapin* v. *Livermore*, 13 Gray, 561; *Kittredge* v. *Betton*, 14 N. H. 401; *Waterman* v. *Wright*, 36 Vt. 164; *Ray* v. *Doughty*, 4 Blackf. 115; *Nowell* v. *Nowell*, 2 Greenl. 75; *Hamaker's Estate*, 5 Watts, 204; *Steen* v. *Steen*, 25 Miss. 513.

And we think the order calling upon the administrators to pay into court the amount found due on the settlement, was a proper order. They are legally presumed to have in their hands the assets of the estate of Craig, coming into their possession with the estate of Paine. *Waterman* v. *Wright*, 36 Vt. 164. They were, therefore, the proper persons upon whom

to make the call which would properly have been made upon Paine, had he been alive; and their failure to comply with the order had the same effect, so far as administration of the Craig estate was concerned, as a failure by Paine, had he been alive, to obey a similar order. Of course, a claim against Paine's estate could not be established by the order, nor would the presumption of their having assets of Craig's estate be conclusive in proceedings against them, personally, for disobedience to the order. But for the purpose of fixing the rights of persons interested in the Craig estate, with respect to the bond which Paine had given, their acts and omissions were the acts and omissions of Paine.

Order affirmed.