May Term,
1850.

SHERRARD
v.
NEVIUS.

---

SHERRARD *v.* NEVIUS and Others.

Debt on a judgment rendered in *New Jersey*.  The defendant pleaded, in his second plea, that one *M.* had fraudulently appeared and confessed the action without any authority from him so to do, and that he had never had any notice of the pendency of said action.  The third plea states that the defendant did not appear, either in person or by attorney, and defend the suit; that no process was ever served upon him; and that, at the time of the trial and issuing of the process, he resided, and still resides, in *Indiana*.  The evidence shows that the defendant and *W.* had been partners in *New Jersey*; that they dissolved, and the former removed to this state, and, after his removal, the suit was instituted in *New Jersey*, and judgment obtained.  The process in that suit was returned not found as to the defendant; that *M.* was employed by *W.* without defendant's knowledge, and that he confessed judgment without the directions of either of them.  There is no evidence that the defendant had any knowledge or notice of the suit.  *Held*, that the suit against the defendant on said judgment was not sustainable.

A judgment debtor may show, to avoid the effect of the judgment, that the attorney who had entered an appearance for him, had no authority so to do.

ERROR to the *Lake* Circuit Court.

BLACKFORD, J.—*Nevius* and others brought an action of debt against *Wooley* and *Sherrard*.  The suit was founded on a judgment rendered in the Circuit Court of *War-*

Monday,
October 28.

ren county, in *New Jersey*. The process in the present suit was returned, as to *Wooley*, not found.

*Sherrard* filed three pleas. The first plea was rejected on the plaintiff's motion. The second plea, so far as it is necessary to state it, is as follows:

That one *McMillan* had fraudulently appeared and confessed the action mentioned in the declaration, without any authority to appear and answer to said action for him (*Sherrard*). This plea also avers, that this defendant, *Sherrard*, never had any notice of the pendency of said action mentioned in the declaration. Verification.

To this plea, the plaintiff replied, that the judgment had not been obtained by fraud in manner and form as alleged. Conclusion to the country, and issue.

The following is the third plea: That he, *Sherrard*, never had any notice of said suit; that he did not appear, either in person or by attorney, and defend the suit; that no process was ever served upon him; and that at the time of the trial, and at the time of the issuing of the process, he resided, and still resides, in the state of *Indiana*. Verification.

Replication to the third plea, that said defendant, *Sherrard*, appeared to said action by his attorney, *Henry McMillan*. Conclusion to the country, and issue.

The cause was submitted to the Court, and judgment rendered for the plaintiff.

The evidence is spread upon the record.

It appears that the defendants, *Wooley* and *Sherrard*, who had been partners in the milling business in *Belvidere*, *New Jersey*, dissolved their partnership in 1843, and *Sherrard* removed to the state of *Indiana*. Afterwards, in *September*, 1844, *Nevius* and others, the present plaintiffs, brought the suit mentioned in the present declaration, against said *Wooley* and *Sherrard*, and in *December* following, obtained the judgment now sued on. The process in that suit in *New Jersey* was returned served on *Wooley*, and not found as to *Sherrard*. The transcript of the record sued on, after setting out the declaration, contains the following entries:

1. " And the defendants, by *Henry McMillan*, their attorney, come and defend the wrong and injury, when, &c., and say that they did not undertake and promise," &c.;

2. " And now, &c., come, as well the defendants as the said plaintiffs, each by their respective attorneys; whereupon the defendants, by their attorney, *Henry McMillan*, relinquished the plea by him above pleaded, and confessed the action of the plaintiffs; and that they have sustained damages," &c.

There then follows an entry of the judgment now sued on.

It appears, by the evidence, that the said attorney, *McMillan*, was employed by said *Wooley* to attend to said suit, without the knowledge of said *Sherrard;* and that he confessed the judgment without the direction of either of them. The record shows that the process was not served on *Sherrard;* and there is no evidence whatever that he ever had any knowledge or notice of the suit. He did not employ *McMillan*, nor did he authorize his employment, to attend to the suit; nor was there any appearance by *Sherrard* to said suit, unless *McMillan's* appearance for him, as above described, be binding upon him.

From this state of facts, we are satisfied that the appearance of *McMillan* for *Sherrard*, in said suit commenced after the dissolution of the partnership of *Wooley* and *Sherrard*, was without authority, and is void. The judgment must be considered as rendered against *Sherrard* without service of process, without notice, and without appearance. The suit on it, therefore, as against him, is not sustainable; and the issues ought to have been found in his favour. It has been recently decided by the Supreme Court of the *United States*, that a judgment-debtor may show, to avoid the effect of the judgment, that the attorney who had entered an appearance for him, had no authority to do so. *Shelton* v. *Tiffen*, 3 Howard, 164.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings. Costs here.

*J. W. Chapman*, for the plaintiff.

*J. L. Jernegan*, for the defendant.