Mundy et al. *v.* Calvert et ux.

We are accordingly of opinion that upon the petition the widow was entitled to her share of the estate, to be allotted according to her rights under the law of Virginia, and that the decree allotting her share according to the laws of this State is erroneous.

———◆———

LUCINDA MUNDY, Executrix, *et al. v.* WILLIAM CALVERT and WIFE.

1. EXECUTORS AND ADMINISTRATORS: PROBATE COURT: PLEADING AND PRACTICE: DISTRIBUTION.—In a proceeding in the Probate Court for distribution under the statute, it is not contemplated or required that the strict rules of pleading should be conformed to. The court should proceed as in cases of final account, the object being to ascertain the amount with which the executor or administrator is chargeable. 35 Miss. R. 321–356; 38 Miss. 167.

2. PROBATE COURT: PRACTICE: REFUNDING BOND: DISTRIBUTION.—The effect of a decree for distribution is to order distribution according to law, and it need not recite that a refunding bond with security shall be executed before the property shall be distributed. If the decree is made before final settlement, it cannot be enforced until a refunding bond is executed. 35 Miss. R. 321.

3. PROBATE COURT: DISTRIBUTION: PARTIES IN INTEREST SUMMONED: PROCESS, HOW EXECUTED.—The statute, Rev. Code, 454, articles 117, 118, requires that, before the

distribution of personal property and the division of real estate be made by the Probate Court, the parties in interest shall be duly summoned, and if there be minors interested, who have guardians, they shall be summoned by notice or publication, or if the guardian be personally interested, or fail to appear after service of notice or publication, the court shall appoint a guardian *ad litem* to protect the interest of the minors. Process shall be executed in the manner required for the service of process from the Circuit Court.

4. PROBATE COURT: PRACTICE: DISTRIBUTION.—On an application to the Probate Court for the distribution of personal property, the court should order an account to be taken, and the amount, character, and condition of the estate in the hands of the executor or administrator to be ascertained, and the distributive share of each party in interest, and if just and proper, and for the interest of all concerned, to grant a rule upon the executor or administrator to make distribution according to law.

APPEAL from the Probate Court of Franklin county. Hon. James M. Jones, judge.

Calvert and wife filed their petition in the Probate Court of Franklin county, against W. B. Mundy, George H. Sellers, and William H. Baldwin, executrix and executors of Littleton Mundy, deceased. Petition filed July, 1858, and showed that appellants had qualified as executrix and executors in January, 1855, under the will. That by the terms of the will Mrs. Calvert was entitled to a specific legacy of slaves, and one-sixth of certain other property, notes, and moneys, which property, notes, etc., are specifically described in the petition, and the amount due her stated. That as one of the children of Littleton Mundy, she is entitled to a share in the said estate not disposed of by will. That this consisted of two slaves, not mentioned in the will, and the increase of the slaves between the time of making the will and the death of testator.

That more than twelve months have elapsed since the grant of letters testamentary, and petitioners offer to execute a refunding bond.

The executrix and executors are required to answer on oath each allegation of the petition.

Process was prayed against other persons, some of whom are stated to be minors, but are not stated to be legatees or distributees of the estate.

Mundy et al. *v.* Calvert et ux.

Prays that executors distribute and pay to petitioners the several sums specified as due to Mrs. Calvert; that they have execution therefor, and for general relief.

The will is not made an exhibit to the petition, nor does it appear in the record; there is no inventory, report, or other proceeding on the part of the executors.

Citations issued for the defendants' service on W. H. and Charles Baldwin, 24th July, 1858, as by return of sheriff, "Duly executed." Cameron and wife, by acknowledgment, signed by them on the citation. Citations served on Littleton, Mary, and Gertrude Baldwin (minors), by copies delivered in person, July 26, 1858. Executed on George H. Sellers, as executor and administrator of Helena, and upon him and Rowena Sellers, "by copy left at his residence, 27th July, 1858, they being absent," and on Abner Kennison and wife, "by copy left on table in the hall of his residence, they being absent, July 27, 1858," and on Lucinda Mundy, by return, "duly executed 27th November, 1858."

At the December Term, 1858, W. H. Baldwin filed his answer, stating that the slaves specifically bequeathed to the petitioner were delivered to her; also the special legacy of $1,200 paid to her husband, William Calvert; that the two slaves not disposed of by the will were left undivided in Washington county, and that he cannot answer further; that Sellers was the active executor, and that he is not advised of his actings and doings. This answer was not sworn to.

At the same time Lucinda Mundy, Geo. H. Sellers, and W. H. Baldwin, executrix and executors, filed their plea to so much of the petition as seeks to have distribution of the slaves, born since the date of the will and before the death of the testator, and say, that all such slaves are the issue of female slaves specifically bequeathed with their future increase, and pass to the several legatees to whom they were bequeathed, and therefore are not subject to distribution generally, " and pray judgment if they ought to answer further in respect to such matter pleaded to." This plea is not sworn to.

The plea was set down for hearing as to its sufficiency in law,

adjudged to be insufficient, and defendants required to answer further.

At the same Term, a motion was made to reject the answer of Baldwin, " because the same is not sworn to as required by the petition and the statute."

Then follows the decree of the court, reciting " that the motion coming to be heard, it is decreed that said answer is insufficient, and that said defendants answer further; whereupon defendants failing to answer, and having filed their plea, which is adjudged insufficient, and failing to answer further, it is ordered that the petition be taken as confessed against the executors."

Then follows a decree, " that the executors and executrix, George H. Sellers, William H. Baldwin, and Lucinda Mundy, pay and distribute to Minerva Calvert, wife of William Calvert, the sum of $11,190.20, due her as distributee and legatee of Littleton Mundy, upon her entering into bond, as the statute requires, in a penalty double the amount of this decree."

From this decree a writ of error was sued out by the executors.

No proof is shown by the record to have been offered; no account taken; no guardian *ad litem* appointed to the minors.

The following errors are assigned :

1. The court below erred in adjudging the answer of W. H. Baldwin, executor, insufficient.

2. In rejecting the answer of defendants, because the same was not sworn to, and in taking *pro confesso* thereon against them.

3. In proceeding to final judgment without disposing of the answer of W. H. Baldwin, executor to the petition.

4. In proceeding to final judgment, without giving to defendants (plaintiffs in error) a reasonable time to answer more fully to, and make defence against the petition.

5. In rendering final judgment against defendants, without requiring refunding bond with security, and without naming or specifying the security to be given.

6. In proceeding to final judgment without proper service of process upon defendants, and more particularly upon Geo. H. Sellers and others.

7. In proceeding to final judgment without proof of service of process upon D. C. and A. M. Cameron, and without the appointment of a guardian *ad litem* for the minor defendants, Charles, Littleton, Mary and Gertrude Baldwin.

8. In proceeding to final judgment without disposing of the cause as to all of the defendants below, and more particularly as to John C. Cameron and wife, Rowena C. Sellers, wife of George H. Sellers, Abner F. Kinneson and wife, George H. Sellers, as administrator of Helena Mundy, deceased, and Charles, Littleton, Mary, and Gertrude Baldwin, as to all of whom said cause was not disposed of.

9. In rendering judgment against plaintiffs in error for the sum of $11,190.21, in favor of William Calvert and wife; because no mere money judgments could be rendered upon said petition in said cause; because said judgment was rendered without any account taken, or proof made as to the matters and things complained of; because said judgment is excessive in amount, and is rendered against plaintiffs in error individually, and not as executrix and executors; because said judgment is rendered for money generally, and not for property in kind; because it charges plaintiffs in error with alleged amount and value of debts uncollected and negro slaves on hand in kind, instead of adjudging them to be distributed.

10. In adjudging the plea of plaintiffs in error insufficient in law as to the matters to which it referred.

*W. P. Harris,* for plaintiffs in error, contended:

1. That the petition was for legacies, for distribution, not of money only, but of slaves left undisposed of by will. Every application of this kind, made under the statute, Rev. Code, 454, articles 117, 118, includes a division of the property in specie. The decree in such a case is, that the executor pay the legacy, and make distribution of the property undisposed of by will. If that property consist of slaves, the court can only *make a rule* on the executor to distribute according to law, and a division must of necessity take place, there being two or more distributees. In such cases, by the express provisions of the statute,

no order or decree can be made unless the other legatees and distributees are notified, and the guardians of such as are minors must be summoned. It was error, therefore, to make any decree in the cause until the necessary parties were before the court.

It is no answer to this position, that the decree does not affect the minors or other parties in interest. The proceeding, in its nature, affects the interest of legatees and distributees, though the executor is alone to perform the decree.

2. That the decree was rendered solely on the allegations of the petition, taken as admitted on the *pro confesso*. Taking the petition to contain allegations, which sufficiently charge waste or devastavit of the slaves liable to distribution, and the notes and debts due the estate, it is contended that there could be no personal decree for a specific amount against the executors without an account. The proceeding is not merely an application for distribution of property in the hands of the executors, but seeks to charge them with maladministration, and to obtain, not the rule to make distribution according to law, according to the Code, 454, but a decree to charge them personally for such maladministration.

The allegations, therefore, that the executors had not disposed of the estate in due course of administration, required an account, and certainly proof.

The court could only regard the failure to answer as ground for "the rule to make distribution according to law," or as ground to order an account.

The *pro confesso* decree is unknown in the ordinary application for distribution and account, and the statute authorizing it under stated circumstances seems to preclude the idea that it is proper in ordinary proceedings.

The extent to which the court could go on well-established principles was, either to make a rule on the executors to distribute property in their hands, or, on the charge that they had converted the slaves or other property, an order to render an account thereof to the court. If the plea and answer were insufficient, such is the decree the court should have made.

Mundy et al. *v.* Calvert et ux.

3. That the court should have allowed the answer to have been filed without being sworn to. It was not a plenary proceeding. The answer alleged payment of the legacy of $1,200, and was good to that extent. If the practice in chancery is the criterion, the court should have allowed reasonable time to answer.

4. The plea purports to answer only one charge in the petition. It was a complete bar to the claim set up to the increase of the slaves between the date of the will and the death of testator. *Handel* v. *Elliott,* 1 Iredell's Law, 183 ; *Cole* v. *Cole,* 1 Ib. 460 ; Iredell's Digest, Title, Legacy, 355, 362, sections 30–50 ; *Puller* v. *Puller,* 3 Rand. 83 ; *Reno* v. *Davis,* 4 Hew. & Nunf. 283.

*G. L. Potter,* for defendants in error, argued,

1. That "the alleged answer of the defendants" was a plea. It is a plea to so much of the petition as claims distribution of any "slaves born after the date of said will, and before the death of testator." No such claim is made in the petition. It claims that certain slaves did not pass by the will. It is impossible to say to what portion of the petition the plea refers, except to the prayer for a discovery. This is sufficient to condemn it ; it was irrelevant. The answer was insufficient. The executors are required to answer on oath, and neither the plea nor answer were sworn to. This is conclusive against them. The parties having failed to answer, the *pro confesso* was properly taken. Rev. Code, 430, section 25.

2. That the record shows that the answer of Baldwin was rejected on motion, and the defendants were required to answer further. They did answer, and the answer was frivolous. They had no claim to "further reasonable time," after filing a frivolous, unsworn answer and plea. They did not ask further time, nor intimate that it was necessary.

3. That it was not necessary for the decree to require refunding bond *with* security, and to name the securities. The petitioners are required to give such bonds, conditioned as the law requires.

4. That citations are prayed against certain persons, and it is

not shown that they are legatees or distributees, or in any manner interested in the proceeding.   If they were not interested, the executors cannot complain that process was not duly served on them, or that a guardian was not appointed for the minors.

One distributee may petition alone for his share, and need not bring in codistributees.    *Benoit* v. *Bull*, 7 S. & M. 37 ; *Grant* v. *Spann*, 33 Miss. R. 135 ; Hutch. Code, 670, section 112, page 673, article 2, section 2.


HARRIS, J., delivered the opinion of the court.

The defendants in error filed their petition in the Probate Court against the appellants and others, legatees and distributees of the estate of Littleton Mundy, deceased, praying distribution and payment to petitioners of the several sums of money specified in the petition as due to petitioners.   There was answer filed for W. H. Baldwin, one of the executors, which was rejected by the court, because it was not sworn to.   There was also a plea filed by the executrix and executors which was adjudged insufficient, and the said executrix and executors were required to answer further.   The same judgment pronouncing the answer insufficient, recites that defendants having failed to answer said petition, upon motion, a decree *pro confesso* against the executrix and executors, was rendered; and thereupon, without further proceedings or proof, and without an account, a final decree was rendered against the said George W. Sellers, Lucinda Mundy, and William H. Baldwin, for the sum of $11,190.21.

This appeal is prosecuted to revise this judgment.   The first, second, third, and fourth assignments of error, relate to the action of the court upon the sufficiency of the pleadings mentioned—the answer and the plea appearing in the record.

In the case of *Crowder et al.* v. *Shackleford et al.* 35 Miss. R., pages 321–356, which was a proceeding for distribution under the statute, this court has said, " that the statute does not contemplate or require the proceeding, by which the administrator's accountability is to be ascertained, to be conducted according to the strict rules of pleading.   In case of contro-

Mundy et al. *v.* Calvert et ux.

versy as to the amount for which the administrator should account, it would be the duty of the court to require an account upon the same principles upon which a final account is taken; the object in both cases being to ascertain the true amount with which the administrator is chargeable; and no formality of pleading is necessary in taking such an account."

And ʻ ı *French* v. *Davis*, 38 Miss. R., page 167, it is held that " petitiᴏns for distribution of estates are informal, and not regⁿ¹ ...ᴜᴜ by technical rules; and it is competent for either party to introduce such evidence, in proceedings of this character, as may be necessary to show what judgment shall be rendered, without regular and formal pleadings."

The fifth assignment of error is that the court erred in rendering final judgment against defendants below, without requiring a refunding bond *with security*, and without naming or specifying the security to be given.

In the case before us a refunding bond is required by the decree, not specifying that security should be given, or the name of any securities.

In the case of *French* v. *Davis*, already cited, it is held that a decree of this character is not erroneous, for not requiring a refunding bond. The effect of such a decree is to order distribution according to law, and if made before final settlement, it cannot be enforced until a refunding bond is executed.

The sixth, seventh, eighth and ninth assignments of error relate to the insufficiency of the service of process. The statute requires that " the distribution of personal estate shall be ordered and made in the same manner, and subject to the same regulations as real estate descended." Code, page 454, article 118. Article 117, on same page, in relation to " real estate," requires that " the devisees, or heirs, or the guardians of such as are under age, residing in this State, shall be first summoned, before any decree and distribution is made;" and article 32, page 431, makes provision for cases of minors who have no guardian, or when the guardian is personally interested. Under these provisions no valid decree can be made for distribution, unless these parties in interest are properly summoned.

In the case before us, with the exception of the executrix and executors, who appeared in court, but few if any of the parties made defendants (and four of whom are minors), were duly summoned, as appears by the returns of the sheriff, on the different citations issued. The decree was therefore void on this ground.

The tenth assignment relates to the decree. This was certainly erroneous. It was made without an account, and without proof of any sort, so far as the record shows, ascertaining the estate in the hands of the executrix and executors, to be distributed.

In the case of *Crowder* v. *Shackleford*, 35 Miss., page 354, this subject is fully discussed, and the rules to be observed under this statute, in proceedings for distribution, are clearly defined.

An account should have been taken, and the amount and character, and condition of the estate in their hands, and the distributive share of each of the parties interested, ascertained. And if, upon full investigation, with all the parties before it, the court should be of opinion that the same would be just and proper, and for the best interests of all concerned, then it is made the duty of the court " to grant a rule upon the executor or administrator to make distribution according to law." In the case of *Crowder* v. *Shackleford*, it is said that their " terms *grant a rule* to make distribution;" imply that the funds subject to distribution, as well as the portions of the persons entitled thereto, have been previously ascertained and fixed.

It was therefore error to grant this decree, without such previous account and ascertainment of the amount, character, and condition of the estate, as well as the portions of the persons entitled.

It will be unnecessary to notice the last assignment relating to the plea, which was held insufficient; because this plea relates to the negro children, the increase of the women, specifically devised " *with their increase.*" As this property was not affected by the decree, so far as we are enabled to see from the record, the action of the court in reference to this plea did not prejudice appellants.

Let the decree be reveesed, and cause remanded for further proceedings, according to this opinion.