SERENA MARTIN v. JAMES S. WILLIAMS et al.

1. EVIDENCE: SECONDARY, ADMISSIBLE TO SHOW CONTENTS OF LOST RECORD. — Secondary evidence of the contents of a lost or destroyed record is admissible upon proof of its existence and its subsequent loss or destruction.

2. PROBATE COURT: DECREE FOR SALE OF REALTY: RECORD MUST SHOW JURISDICTIONAL FACTS. — A decree of the Probate Court for the sale of real estate by an executor or administrator is invalid, unless the record shows affirmatively a compliance with all the requirements of the statute under which the land is decreed to be sold.

3. SAME: SAME: LOST DECREE NOT PRESUMED TO BE VALID UNLESS PROCESS SERVED. — The law does not presume a decree of the Probate Court for the sale of real estate by an executor or administrator, which has been subsequently lost or destroyed, and which recites every fact necessary to give the court jurisdiction both of the parties and of the subject-matter, to be valid and conclusive, unless it is shown that process has issued for, and been executed upon the parties whose interests are affected by the decree. *Pounds* v. *Gartman*, 29 Miss. 133; *Gilstrop* v. *Moore*, 26 ib. 207, 541, 648; 37 ib. 17.

4. SAME: PROCESS HOW EXECUTED. — Process from the Probate Court is required to be executed in the same manner as that from the Circuit Court. *Munday* v. *Calvert*, 40 Miss. 181.

5. SAME: DECREE VOID AS TO ONE VOID AS TO ALL. — A decree of the Probate Court void as to some of the parties in interest because of the non-execution of process as to them, is alike void as to those who were duly and legally served with process. *Steen* v. *Steen*, 25 Miss. 513.

6. SAME: ESTOPPELS: VOID DECREE. — A void order or decree of the Probate Court is no bar to subsequent proceedings in the same court, and the parties in interest who gave their consent thereto are not estopped from treating such decree as a nullity.

APPEAL from the Probate Court of Chickasaw county.   Hon. B. F. Owen, judge.

Appellees filed their petition in the Probate Court of Chickasaw county against appellant and others, asking for a division

of certain lands devised to them by the will of Samuel Williams. Appellant pleaded in bar of the petition, that on the petition of the executor of Samuel Williams the lands had been decreed to be sold in November, 1858, by the Probate Court; that appellees were made parties, and gave their solemn consent thereto; that the decree under which the land had been sold was destroyed by the Federal troops during the war. The testimony in reference to the decree of November, 1858, and the proceedings in the court below, will be found in the opinion of the court.

The court below decreed a division of the lands according to the terms of the will. Appellant, through her guardian *ad litem*, prosecutes an appeal, and makes the following assignment of errors:

1st. Because the testimony adduced by appellant proved that the lands sought to be divided had been sold in pursuance of a decree made at a former term of the court, and the sale confirmed.

2d. Because the same subject-matter had been adjudicated between the same parties at a former term of the court; that appellees were parties thereto, and were estopped thereby from assailing the same.

3d. In granting a decree for a division of *all* the lands, three of the devisees being estopped from attacking the decree for the sale made at a former term by their own solemn consent in court to such decree.

4th. In granting a decree in favor of some of the devisees without their asking the aid of the court in their behalf.

5th. In refusing to set aside the final decree and grant a new hearing.

*Allen White* for appellant.

1. The destruction of the records of the Probate Court having been shown, proof of the existence and contents of the decree of November, 1868, was admissible. 1 Greenleaf's Ev. §§ 558, 84; note 509; 3 Philips' Ev. (*Cowen & Hill*), 1067, note 723; 11 How. W. S. 360.

2. Conclusive presumptions are made in favor of judicial proceedings. Every act of a court of competent jurisdiction is presumed to have been rightly done until the contrary appears. 1 Greenleaf's Ev. § 19, note 20 ; Broom's Legal. Max. 729 ; 12 Wheat. 69, 70 ; 10 Peters, 469 ; 14 ib. 458 ; 10 S. & M. 461 ; 2 ib. 337–8 ; 26 Miss. 208, 210 ; 31 ib. 432, 578 ; 38 ib. 100.

3. The requirements of the statute for the service of process from the Circuit and Chancery Courts do not apply to the Probate Court. Rev. Code, 428, arts. 20, 21.

4. The party who impeaches the validity of the decree of sale because of want of notice to him, is a competent witness, and he must make good his allegation by his testimony, otherwise the legal presumption in favor of the validity of the sale will prevail. *Sargeant* v. *State Bank of Indiana*, 12 How. 384–6 ; *Randolph* v. *Doss*, 4 How. (Miss.) 205 ; *Harris* v. *Ransom*, 24 Miss. 504.

5. The Probate Court had jurisdiction of the subject-matter and of the parties, and though it may have committed errors, yet, for these errors, in a proceeding like this, the court will not set aside the sale and declare it a nullity. *Griffith* v. *Vertner*, 5 How. 736 ; 9 *Smith* v. *Denson*, 2 S. & M. 326 ; *Bland* v. *Muncaster*, 24 Miss. 63 ; *Hardy* v. *Gholson*, 26 ib. 70 ; *Wall* v. *Wall*, 28 ib. 408 ; *Stewart* v. *Stebbins*, 30 ib. 66.

6. The decree of November, 1858, is a bar to subsequent proceedings, and operates as an estoppel. 1 Green. Ev. 22–204 ; 2 Smith's L. C. 511, 572 ; *Lee* v. *Gardner*, 26 Miss. 547 ; *Miller* v. *Ewing*, 8 S & M. 421 ; *Agnew* v. *McElroy*, 10 ib. 552 : *Boon* v. *Barnes*, 23 Miss. 134 ; *Joslin* v. *Caughlin*, 32 ib. 106 ; *Henderson* v. *Winchester*, 31 ib. 296 ; *Brown* v. *Hill*, 27 ib. 51, 52.

7. The court erred in making a decree in favor of those devisees who did invoke the aid of the court. One may be entitled to a division, and others may be estopped. *Root* v. *McFerrin*, 37 Miss. 53.

*T. N. Martin* for appellees.

1. The will of Samuel Williams directs a division of the lands, in a specific manner, among the devisees, and if a decree of sale for the purposes of division was made, it is void, because in conflict with the provisions of the will. Rev. Code, 458, art. 136; 26 Miss. 134; 38 ib. 329; 24 ib. 395; 39 ib. 796.

2. The testimony does not show that there was a decree for the sale of the lands, or that the sale was ever confirmed. Before any presumption as to the validity of the decree can be indulged, it must be shown that such a decree was made. But if a decree was shown to exist, it is necessary to show the existence of all facts which would give the Probate Court jurisdiction. *Root* v. *McFerrin*, 37 Miss. 17.

3. The testimony shows that the pretended decree was void for want of notice to all the parties.

SHACKELFORD, C.J., delivered the opinion of the court.

This was a proceeding in the Probate Court of Chickasaw county.

The appellees, at the September Term thereof, 1866, filed their petition, setting forth that their deceased father, Samuel Williams, made his last will and testament on the 18th day of September, A.D. 1856, therein bequeathing and devising to said petitioners, and Samuel C. Williams, Benjamin T. Williams Milly Speed (wife of Benjamin Speed), their sister, Martha. Irby, now Martha Barker, Richard Williams, and Nancy J. Martin, now deceased, all his children, eight in number, and Esther Williams, his wife — "jointly and in equal parts or amounts, and in equal interests, his entire real estate, to be equally divided by commissioners to be appointed by the Probate Court, etc."

All the other devisees, and heirs of the deceased devisees, are made parties defendants to the petition.

They allege that the "wife" of Samuel Williams, deceased, Mrs. Esther Williams, died on the 27th of December, 1863, intestate, and that her children, the petitioners and other parties defendant, inherited her portion of the real estate devised to

her by her deceased husband. They further state no necessity now exists for the sale of any part of the real estate to pay debts; that the slaves and other personal estate had been divided according to the provisions of the will; that Nancy J. Martin left a minor child, Serena Martin, and that Samuel C. Williams is her guardian. They ask for a partition of the said real estate, so devised, to be ordered by the Probate Court, and for the appointment of commissioners to carry out the order according to the provisions of the will of Samuel Williams, deceased.

Samuel C. Williams, one of the defendants, and executor of the last will and testament of Samuel Williams, deceased, answered the petition, admitting in his answer all the allegations in the petition, except the portion of the same alleging that there was no necessity existing for selling any portion of the real estate mentioned in the petition. This portion of the executor's answer was stricken out by the court, and exceptions taken to this action of the court.

The answer of Samuel C. Williams, as guardian of Serena Martin, was also stricken out by the court, and a guardian *ad litem* appointed, to which order exceptions were taken.

It appears from the record that all parties in interest and made defendants to the petition of appellees have been duly and legally served with process. The answer of the guardian *ad litem* appears in the record.

At the June Term, 1867, a decree was rendered by the court, appointing commissioners according to the provisions of the will of Samuel Williams, deceased, to divide the lands devised to petitioners and the other devisees.

To the rendition of this decree appellant excepted, and prayed an appeal to this court, and the same is brought here for revisal.

The first assignment of error is, that the Probate Court erred in decreeing a partition and distribution of the lands, "because the testimony adduced by the plaintiff in error proved that the lands sought to be divided had been sold in pursuance of a decree of a previous term of the court, and the sale confirmed."

Serena Martin *v.* James S. Williams et al.

This assignment raises the question of the validity of the decree of the Probate Court, rendered on the 22d day of November, 1858, and by virtue of which the lands in question were sold by the executor, Samuel C. Williams, on the first day of January, 1859. This decree and sale were pleaded as an estoppel by the appellant, against the right of the defendants, to have the partition prayed for in the petition of appellees, and in bar of prayer of the whole petition.

It is insisted here by appellant that the decree rendered in 1858 by the Probate Court, ordering a sale of the lands in question, is valid, and that the sale of the lands made under it, on the 1st day of January, 1859, was confirmed by the court, and therefore the decree rendered on the 4th day of June, 1867, should be reversed.

To determine this question, we must ascertain from the record and bring in view the testimony relied upon by appellants in support of the decree of sale rendered in 1858.

It appears in proof, that the Minute Book of the Probate Court, in which the decree of sale of 1858 was entered, had been removed during the war, and was captured, with the other books of the office, by the United States army, and was partially burned and greatly mutilated; that the portion of the book in which this decree should appear was destroyed.

It was also proved by an officer of the court, that the papers of the court in the files *were not destroyed; that they were all saved.*

The first paper offered in evidence is the petition of Samuel C. Williams, the executor of the estate of Samuel Williams, deceased, praying the Probate Court of Chickasaw county to order a sale of the lands devised by the said will, for a division on the grounds "*that a partition could not be made according to the provisions of the will of Samuel Williams, deceased.*"

Samuel C. Williams filed his petition as executor, etc., and as guardian of Mary J. Martin and Serena Martin, minor heirs of Nancy J. Martin, to the October Term, 1858, of the Probate Court aforesaid.

The only reason assigned in said petition why a partition

Serena Martin v. James S. Williams et al.

could not be made of the real estate, according to the will, is the fact " that it could not be made amongst so great a number of heirs."

In this petition the residences of the several heirs are stated. Esther Williams, James S. Williams, John McD. Williams, Samuel C. Williams, Martha Irby, Richard Williams, Mary Jane Martin and Serena Martin (minor children of Nancy Jane Martin, deceased, of whom petitioner was the guardian)—all resided at the date of the petition in Chickasaw county, Mississippi.  Benjamin T. Williams was a resident of Perry county, Alabama; Milly Speed and husband lived in Lowndes county, Mississippi; and James S. Williams in Octibbehaw county, Mississippi.

Prayer for citation to issue, and publication to be made against the non-resident; and prayer for sale of said lands, for an equal and just division under art. 153, § 18, of the Rev. Code, p. 464.

This petition was ordered to be recorded at the November Term, 1858, of said court.

The citation (only one was issued) is set out in the record. This citation is directed to the sheriff of Chickasaw county ; he is therein commanded to serve the same, " by summoning Esther Williams, James S. Williams, Benjamin T. Williams, Samuel C. Williams, guardian, Milly Speed, wife of Benjamin Speed, Martha Irby, wife of William L. Irby, deceased, Mary Jane Martin and Serena Martin, infant children of Nancy Jane Martin, deceased, to appear before the Probate Court on the 4th of November next, to appear, etc."

This citation was issued on the 22d day of October, A.D. 1858.

A special deputy was appointed by the sheriff to execute this process, who made the following return upon the same:

"Executed, November 15, 1858.

" A. BEAN, Sheriff,
"By THOMAS HAYNE, S. D. Sheriff."

Benjamin T. Williams is shown by the petition of Samuel C. Williams to have been a resident of Alabama, and publication was prayed for against him. There is no proof in the record showing that an order of publication was made against him, or that he appeared by attorney or otherwise. There are no duplicate citations to Lowndes and Octibbehaw counties on file in the office of the court, or any attempt to show, by the proof in the cause, that any were issued by the clerk of said court.

On the 24th of January, A.D. 1859, J. L. S. Hill and T. D. Hamilton filed in said court a "sale bill" of the sales of the real and personal estate of Samuel Williams, deceased, and made affidavit to the same, which is in these words:

"This day appeared before me in open court, J. L. S. Hill and T. D. Hamilton, and made oath in due form of law, that they acted as clerks at the sale of the personal and real estate belonging to the estate of Samuel Williams, deceased, had by the administrator thereof, on 1st January, 1859, and that the foregoing two pages contain a true and perfect list of all the property sold, and that the amount attached to each article therein was the highest amount bid therefor, and that said sale was in all respects conducted as the statute provides.

"J. L. S. HILL.
T. D. HAMILTON.

"Sworn to and subscribed before me, this January 24th, 1859.
"J. S. CAROTHERS, *Clerk.*"

This paper is marked filed at the January Term, 1859, by the clerk, and has endorsed upon it the following:

"Approved, confirmed, and ordered to be recorded and filed.
"J. S. CAROTHERS, *Clerk.*

"Recorded in Book of Wills and Testaments, v. 7, on p. 293-4-5.
"J. S. CAROTHERS, *Clerk.*"

A number of witnesses were examined with a view of show-

ing that a decree had been made by the Probate Court at the November Term, 1858.

The clerk and judge of the court at the time the order of sale or decree was supposed to have been made, were examined. They stated that they had examined the records of the court, and could find nothing in them showing that any such decree had been made. They did not recollect that any such decree had been rendered.

The only evidence that tends to show that the decree of sale was rendered, is the recitation in a bond for title, from Samuel C. Williams to L. F. Baker, a purchaser of a portion of the lands in question.

This bond bears date the 1st January, 1859, the day of the sale of the lands, and states that the sale was made " in compli-ance with an order of the Probate Court of Chickasaw county, made at the November Term, 1858."

Samuel C. Williams,. in his examination before the court, stated that he supposes the recitations in the bond referred to are correct, that he had signed it, and that it was in his hand-writing, and that he posted notices of the sale of the lands, etc.

This is the substance of all the testimony introduced by ap-pellant in the court below, which has any bearing upon the question presented by the first assignment of error.

Counsel insists in behalf of appellant, that the foregoing tes-timony establishes the existence of the decree, and that it being a decree of a court of competent jurisdiction, therefore every presumption is to be indulged as to its correctness.

It is manifest, from this testimony, that a decree was rendered at the November Term, 1858, of the court, and the decree was for a sale of the lands in question.    These facts established, testimony touching the contents and recitations in the decree was admissible.

The appellant has utterly failed to prove the contents of the decree, except that it was for the sale of the lands.

We think it would be going too far to hold, that, from the fact of the existence of a decree in the Probate Court of Chick-asaw county, that the presumption is conclusive of its validity.

The authorities which are cited by counsel do not sustain his position, considered in connection with the proof in the case.

It is a settled doctrine of this court, that an order or decree for the sale of real estate by an executor or administrator is invalid, unless the directions of the statute have been strictly complied with, and that said compliance must be shown affirmatively by the record. 1 S. & M. 351; ib. 326, 527; 6 ib. 259.

In the case before us it was established in proof, that the papers constituting the files in the Probate Court of Chickasaw county were not destroyed by the war, or that any part of them were lost. The citation issued to the sheriff of Chickasaw county is the only citation found in the office, and in the papers on file, of the estate of Samuel Williams, deceased. It is also shown by the petition of the executor, Samuel C. Williams, that there were parties interested in the lands in question living in the counties of Lowndes and Octibbehaw. There is no pretension that there was any service upon these parties. There is no proof that an order of publication was taken out against Benjamin T. Williams, of the State of Alabama. The presumption is, if such publication was made, that it was susceptible of proof, and that the proof should be in the files of the office; if lost, this proof could be established by the production of the newspaper in which it was published. No such proof appears in the record.

Admitting that the lost decree in the case before us recited that process had been duly served, and publication made according to law against the non-residents, and that it contained recitals of every fact necessary to constitute it a valid decree, it could not be sustained, unless the process issued in the case, which is part of the record, had been properly executed, or served upon all the parties to be affected by the decree. *Pounds et al.* v. *Gartman et al.*, 29 Miss. p. 133; *Gilstrop* v. *Moore*, 26 Miss. 209; ib. 141; ib. 648; ib. 543; 37 Miss. 17.

The only citation in this case is copied into the record. On the 15th of November, 1858, as we have seen, this citation was returned by the sheriff " executed." All the devisees in the will were embraced in this citation.

It is obvious that this return of the sheriff is untrue in point

Serena Martin *v.* James S. Williams et al.

of fact.  It was impossible for him to have executed that process upon the residents of Lowndes and Octibbehaw counties, and the resident of the State of Alabama.    It necessarily follows that parties in interest were not served with process, and their interests are or were not affected by the decree.

If we are right in this view of the facts of the case, touching the execution of the process in question, the presumption fails as to the validity of the decree of November, 1858, on the grounds assumed by counsel of defendants.  It does not come within the rule laid down by this court in the case of *Hardy* v. *Gholson*, 26 Miss. p. 70.

It is insisted that the same strictness is not necessary in the execution of process in the Probate Court as in process from the Circuit Court, and that, as a portion of the distributees waived the execution of process, the decree is valid, and operative against them and the other defendants, and they are estopped from denying the validity of the same.

This court has held that process from the Probate Court should be executed in the same manner as process from the Circuit Court.    *Munday et al.* v. *Calvert et al.*, 40 Miss. p. 181.

In the case of *Munday* v. *Calvert*, the court held the decree to be void as to all the parties when some had been legally served with process, and when others had not been served at all. This decision of the court was based upon a well-settled principle.

In the case before us, it is manifest that a part of the defendants to the petition of Williams (filed in the court in October, 1858) were not served with process.    It has been repeatedly held by this court that a judgment or decree is not binding against any of the parties to it, unless all the parties have been actually or constructively served with notice.  Unless such notice is shown, the judgment or decree is a nullity.  *Steen* v. *Steen*, 25 Miss. p. 513.

Consequently, the decree rendered on the 22d of November, 1858, in the case before us, is in all respects as objectionable as the decrees in the case of *Steen* v. *Steen*, *Munday et al.* v. *Calvert*

*et al. ; Hamilton & Young* v. *Lockhart et al.,* MS., and is therefore void, and the first assignment of error is untenable.

The second assignment of error is disposed of by the views already expressed in the discussion of the first assignment. The only question presented in this assignment is that the case was *res adjudicata,* and the appellees were estopped from denying the validity of the decree and sale in question.

The third assignment is, that the court erred in granting a decree for a division of *all* the lands ; that three of the devisees are estopped from attacking the sale by their own solemn consent in court to the decree of sale. If the decree of sale of 1858 is void, it follows necessarily that this assignment is not well taken.

The fourth assignment, that the court erred in granting a decree in favor of some of the devisees, without their asking the aid of the court, is not sustainable. All the parties in interest as devisees were served with notice of the application for a division of the estate in accordance with the will of the deceased ; if they did not resist the petition of appellees, they are to be presumed as consenting to the order of division made by the court in the decree of the 4th June, 1867.

The court did not err in refusing to set aside the decree and grant a new hearing, as raised in the fifth assignment of error.

We think, therefore, that there is no error in the proceedings in the case before us which would authorize us to disturb the decree of 4th June, 1867.

Let the decree be affirmed.