The Sarasota Ice, Fish & Power Co. et al. v. Lyle & Co.—Syllabus.

THE SARASOTA ICE, FISH & POWER COMPANY, A CORPORATION, W. C. HAYMAN, F. C. ARMSTRONG, S. D. FUTCH, M. H. WYATT, W. HOLMES, I. A. REDD AND K. M. HEBB, APPELLANTS, v. LYLE & COMPANY, A CORPORATION, APPELLEE.

1. A decree *pro confesso* cannot be legally entered against a defendant when the return of the sheriff on the subpœna shows that such defendant was not served because he could not be found in the county, when no alias subpœna was issued and served, no service perfected on such defendant by publication, and he has never appeared or submitted himself to the jurisdiction of the court.

2. The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject matter of a suit should be made parties either as complainants or defendants, so that a complete decree may be made binding upon all parties. The court cannot properly adjudicate the matters involved in the suit when it appears that necessary and indispensable parties are not before the court.

3. A defendant in a foreclosure suit against whom a deficiency decree is specifically prayed, as well as against other joint defendants, is not only a proper but a necessary party, and when a decree, joint in its nature, is rendered against a defendant over whom the court has never acquired jurisdiction, it will be cause for a reversal.

4. It is irregular and improper practice to refer a suit in chancery to a master for the purpose of taking testimony therein before all the issues are properly made up.

This case was decided by Division A.

Appeal from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Singeltary* & *Reaves,* for Appellants;

*Wilson* & *Boswell,* for Appellee.

SHACKLEFORD, C. J.: On the 30th day of August, 1904, the appellee filed its bill in chancery in the circuit court for Manatee county against the appellants and certain other parties as defendants. Certain of the defendants interposed demurrers to the bill, which were sustained, and the complainant allowed to amend. On the 25th day of January, 1905, the complainant filed its amended bill, making the same parties defendants thereto who were defendants to the original bill. The object sought by the bill was the foreclosure of a mortgage executed by J. L. Wilhelm and Anna C. Wilhelm, his wife, on the 24th day of December, 1902, to complainant, on a certain described ice plant, together with all tools, machinery, apparatus and fixtures connected therewith, and also certain lots or parcels of land upon which the ice plant and machinery were situated. It is alleged in the bill that the mortgage was executed to secure the payment of certain promissory notes of even date with the mortgage, seven in number, the first six of which were for $500 each and the seventh for $400, aggregating $3,400, given in payment of the purchase price for the ice plant, conveyed by complainant to the said Wilhelm for himself and in behalf of his associates who were named in the bill, all of the notes being joint and several and executed by W. C. Hayman, J. L. Wilhelm, F. C. Armstrong, S. D. Futch, M. H. Wyatt, E.

F. Wilson and W. E. Holmes. It is further alleged in the bill that J. L. Wilhelm and his associates, who have just been named above, after the execution of the notes, organized the corporation known as the Sarasota Ice, Fish & Power Company, and that all of the property described in the mortgage was conveyed by said Wilhelm, for himself and his associates, to said corporation; that on the 25th day of May, 1903, the said J. L. Wilhelm and E. F. Wilson, having severed their connection with the Sarasota Ice, Fish & Power Company, desired to be released from any further personal liability on the notes, and "their co-makers thereof, together with the said K. M. Hebb, Sarasota Ice, Fish & Power Co., and I. A. Redd consented to such release and agreed with" complainant to pay said notes, such agreement being in writing, a copy thereof as well as copies of the notes and mortgage being attached as exbibits the bill; that the other defendants than those we have named claim some interest in the mortgaged property by virtue of judgment liens, but that such liens have accrued subsequent to the execution of the mortgage and are subordinate thereto; that it was expressly stipulated in the mortgage that in case the mortgagors, their successors or assigns, suffered any judgments to be rendered against them or other liens to accrue against the mortgaged property the complainant should have the right to declare the full amount mentioned in the notes due and payable and the right to foreclose the mortgage.

The bill prays for a foreclosure of the mortgage, that an account might be taken of what was due complainant on the notes and mortgage, including a reasonable attorney's fee, that the appellants, naming them all, who are primarily liable may be decreed to pay complainant such

amount so found to be due, within a short time to be fixed by the court, that in default thereof the mortgaged premises may be sold and the proceeds applied to the payment of such amount, including costs and taxes, that if the proceeds arising from such sale are not sufficient to pay off all such sums a deficiency decree for the residue be entered against all of the appellants, for the appointment of a receiver and for general relief.

Various and sundry proceedings were had, but by reason of the conclusion we have reached it becomes unnecessary for us to recite them or to go into details. It is sufficient to state that F. C. Armstrong W. C. Hayman, I. A. Redd, K. M. Hebb and the Sarasota Ice, Fish & Power Co., of the appellants, all filed answers to the bill, as did some of the judgment creditors who were made defendants, that replications were filed to all the answers and the cause referred to a master in chancery, before whom a large volume of testimony was taken by the respective parties; that a decree *pro confesso* was entered by the clerk against the other defendants, including S. D. Futch, W. E. Holmes and M. H. Wyatt, of the appellants, for failure to plead, answer or demur to the bill; that a final decree was rendered by the court on the 27th day of September, 1906, in favor of the complainant and against all the defendants, in accordance with the prayers of the bill, but no receiver seems ever to have been appointed.

Twenty-six errors have been assigned by the appellants, and in examining them we find ourselves confronted with a serious difficulty right at the outset. Although a decree *pro confesso* appears to have been entered against S. D. Futch, one of the defendants and also one of the appellants, the return of the sheriff on the subpoena, which is

copied into the transcript, shows that he was not served because he could not be found in Manatee county. So far as we are advised by the transcript no alias subpoena ever issued to him and he was never served by publication, and he never appeared or submitted himself to the jurisdiction of the court and no pleadings of any kind were filed by him. There is no question as to his being a proper, if not a necessary and indispensable party defendant as one of the makers of the notes, the payment of which the mortgage was executed to secure. The complainant so considered him and prayed that he, together with the other makers and guarantors of the notes, be decreed to pay the amount found to be due the complainant on the taking of an account and a final decree was rendered against him and the other appellants in accordance with the prayer of the bill, and he, with them, was ordered to pay such amount so found to be due on the notes for principal and interest, together with the sum of $417 as reasonable solicitor's fees, $50 as master's fees and also the other costs of the suit. As we have already said, the bill also prays for a deficiency decree against all of the appellants, including S. D. Futch, in the event the proceeds arising from the sale of the mortgaged premises prove insufficient to discharge all the amounts decreed in favor of the complainant, and the decree orders the master appointed to make the sale to report to the court the amount still due the complainant, if any, after applying the proceeds of the sale as therein directed.

It was undoubtedly irregular and erroneous to enter a decree against Futch, over whom the court had never acquired jurisdiction. See Zehnbar v. Spillman, 25 Fla.

68—SC

591, 6 South. Rep. 214; I Freeman's Judgments (4th ed.), sections 116, 117, 118; Martin v. Williams, 42 Miss. 210, S. C. 97 Amer. Dec. 456; Sherrard v. Nevius, 2 Ind. 241, S. C. 52 Amer. Dec. 508. He joins in this appeal and this point forms the basis for several of the assignments. As was said in Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 501, 39 South. Rep. 392, "The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject matter of a suit, must be made parties either as complainants or defendants, so that a complete decree may be made binding upon all parties. The court cannot properly adjudicate the matters involved in the suit when it appears that necessary and indispensable parties to the proceeding are not before the court." Also see the numerous authorities cited therein, as well as in the opinion on the petition for a rehearing in the same case, 50 Fla. 516, 39 South. Rep. 392. Also see Indian River Mfg. Co. v. Wooten, 48 Fla. 271, 37 South. Rep. 731; Worley v. Dade County Security Co., 52 Fla. 666, 42 South. Rep. 527; Gibson v. Tuttle, decided here at the present term. We quote with approval the following sentence from the opinion of Mr. Justice Gray in Hefner v. Northwestern Mutual Life Ins. Co., 123 U. S. 747, text 756, 8 Sup. Ct. Rep. 337: "As was said by Lord Chancellor Talbot, and repeated by Chief Justice Marshall: 'The court of equity in all cases delights to do complete justice, and not by halves.' Knight v. Knight, 3 P. Wms. 331, 334; Corbet v. Johnson, 1 Brock. 77, 81." Also see 6 Current Law 891, and authorities cited in note. The decree is joint in its nature and all the parties are not before the court, therefore the decree must be reversed.

We deem it well to call attention to another matter: On

the 25th day of November, 1905, the Sarasota Ice, Fish & Power Co., F. C. Armstrong, W. C. Hayman, I. A. Redd and K. M. Hebb, by leave of court, amended their answer and filed a cross bill against the complainant, a subpoena was issued thereon and served upon complainant. On the 3rd day of April, 1906, the complainant presented a motion to have the court reconsider its order allowing the defendants to file a cross bill and to amend their answer, "because said order was granted improvidently and without the complainant having received notice of the presentation of application for such order," upon which, on the same day, the court made the following order: "Motion granted April 3d, 1906, to cross bill and order permitting the filing of the same rescinded." No replication seems ever to have been filed to the amended answer, which the court permitted to be filed by the defendants at the same time the cross bill was filed, and nothing further seems ever to have been done with the cross bill. This order could not have the effect of striking either the cross bill or the amended answer from the files, and they still remained pending undisposed of. Some disposition should have been made of them. See Worley v. Dade County Security Co., 52 Fla. 666, 42 South. Rep. 527. As to whether it was proper or necessary to file a cross bill we express no opinion, as that matter is not before us for consideration. See 5 Current Law 1166. We simply wish to call the attention of the parties to the state of the pleadings in order that they may look to them and see that the issues are properly made up.

The decree of the court below must be reversed, and it is so ordered, at the cost of the appellee, and the cause

remanded for such further proceedings as may be in accordance with equity practice and this opinion.

Cockrell and Whitfield, JJ., concur;

Taylor, Hocker and Parkhill, JJ., concur in the opinion.