RILEY MEEKER, *Appellant*, v. CLEO MEEKER, *Appellee*.

Opinion filed ·December 6, 1917.
Petition for rehearing denied January 10, 1918.

1. In a suit for divorce by a wife against her husband where the bill alleges that she is without income, has no property, and is without means to employ counsel, it is proper for the court upon motion, to appoint a Master to take testi- mony ·as to the faculties of the parties for the purpose of basing thereon an order against the husband for the pay-

ment of temporary alimony and suit money, although the husband has answered the bill denying the existence of the alleged grounds for divorce and charging the wife with the commission of adultery      .

2.  In a suit for divorce it is proper for the court to deny a motion to appoint a Special Master to take testimony upon the merits of the case before the issues are made up.

Order affirmed.

R. B. Moseley, for Appellant;

Swearingen & Guthrie, for Appellee.

ELLIS, J.—The appellee instituted suit for divorce against the appellant, charging extreme cruelty, and habitual intemperance of defendant. The complainant prayed for divorce, alimony, suit money and the custody of the one child.

The defendant answered denying the allegations of extreme cruelty and habitual intemperance and charged the complainant with adultery with one Robert Blair. The defendant also demurred to the bill and then filed a cross-bill charging the complainant with adultery committed with Robert Blair and others, and prayed for divorce and custody of the child.

The demurrer appears not to have been disposed of, nor the cross-bill answered, nor replication filed to defendant's answer to the original bill. The Chancellor made an order appointing a Special Master to take testimony as to the faculties of the parties and report his findings as to a proper sum to be paid as temporary alimony and counsel fees by the defendant to the complainant. From this order Riley Meeker appealed.

Prior to the appointment of a Special Master the defendant in the original proceedings moved the court "to

deny the appointment of a Special Master for the purpose only of taking the testimony of the defendant and complainant and such witnesses as may be produced as to the faculties of the respective parties as to temporary alimony, suit money and court costs," etc., and set forth his grounds. The defendant also moved for the appointment of a Special Master to take the testimony of complainant and defendant and of such witnesses as they may produce, upon the bill, answer and cross-bill. This motion was denied upon the same day that the Judge appointed a Special Master to take testimony as to the faculties of the parties.

Treating the appeal as being from both interlocutory orders, we will consider them in the order in which they were made.

The order denying the defendant's motion to appoint a Special Master to take testimony upon the bill, answer and cross-bill was proper, because the case was not ready for the taking of testimony. There was no replication to defendant's answer to the original bill, and the demurrer to the original bill was undisposed of, and there was no answer to the cross-bill. Section 1880 General Statutes, 1906, Florida Compiled Laws, 1914; Rule 71 Rules Circuit Court Equity Actions; Worley v. Dade County Security Co., 52 Fla. 666, 42 South. Rep. 527; Sarasota Ice, Fish & Power Co. v. Lyle & Co., 53 Fla. 1069, 43 South. Rep. 602.

The other phase of this·motion is involved in the order to appoint a Special Master to take testimony as to the faculties of the parties. There was no error in making that order. The statutes of the State provide that in every suit by a wife for a divorce she may claim alimony and suit money, and if the bill seems well founded the

court shall allow a reasonable sum therefor, and that in every decree of divorce in a suit by the wife the court shall make such orders touching the maintenance, alimony and suit money of the wife as from the circumstances of parties may be equitable and just; but no alimony shall be granted to an adulterous wife. Sections 1931, 1932 General Statutes, 1906, Florida Compiled Laws ,1914.

The principle of law is recognized in this State as established, that in suits for divorce the wife is considered a privileged suitor and is entitled to be subsisted out of the husband's estate, and to be furnished with the means of prosecution or defense. This rule is founded upon the principle that at common law the wife was supposed to have no separate fortune, her property by the act of marriage having vested in the husband. But an exception exists to the rule where a wife has an income competent to her support and the maintenance of the suit. See Chaires v. Chaires, 10 Fla. 308.

The bill in this case however alleges that the wife is without income and no property, and is without means to employ counsel. This allegation is not denied and the averments of the answer as to her adulterous conduct has not been admitted nor proved. The statutes do not forbid the granting of temporary alimony and suit money under these circumstances, so we think the order should be affirmed, and it is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J. concur.